Electronically Filed
8/12/2022 4:10 PM
Steven D. Grierson
CLERK OF THE COURT

**COMJD**
MICHAEL S. VALIENTE, ESQ.
Nevada Bar No. 14293
*mike@valientemott.com*
TIMOTHY A. MOTT, ESQ.
Nevada Bar No. 12828
*tim@valientemott.com*
JAMES A. TRUMMELL, ESQ.
Nevada Bar No. 14127
*jim@valientemott.com*
NICOLE C. BOLICK, ESQ.
Nevada Bar No. 15015
*nicole@valientemott.com*
**VALIENTE MOTT, LTD.**
700 South 7th Street
Las Vegas, NV 89101
Telephone: (702) 623-2323
Facsimile: (702) 623-2323

*Attorneys for Plaintiff*

CASE NO: A-22-856896-C
Department 24

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| FRANK SCHURR an individual, | Case No.: |
| Plaintiff, | Dept. No.: |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| TWIN RESTAURANT LV-1, LLC dba TWIN PEAKS, a domestic limited liability company, TWIN RESTAURANT LV-2, LLC dba TWIN PEAKS, a domestic limited liability company, a foreign corporation; TWIN RESTAURANT HOLDING, LLC, a foreign limited liability company, FAT BRANDS INC., a foreign corporation; ROE DISTRIBUTORS I through X, ROE MANUFACTURERS I through X, ROE BUSINESS ENTITIES, I through X; and DOE INDIVIDUALS I through X; Inclusive, | |
| Defendants. | |

   COMES NOW, Plaintiff FRANK SCHURR ("Plaintiff"), by and through his attorneys of record, JAMES A. TRUMMELL, Esq. and NICOLE C. BOLICK, Esq. of VALIENTE MOTT, LTD., and complains and alleges as follows:

I.

**PARTIES AND JURISDICTION**

1. Plaintiff FRANK SCHURR ("Plaintiff"), at all relevant times referenced herein, was and is a resident of Clark County, State of Nevada.

2. Upon information and belief, at the time of the incident on October 7, 2021, and all relevant times referenced herein, Defendant TWIN RESTAURANT LV-1 LLC dba TWIN PEAKS, was and is a Domestic Limited-Liability Company authorized to conduct business in Clark County, Nevada.

3. Upon information and belief, at the time of the incident on October 7, 2021, and all relevant times referenced herein, Defendant TWIN RESTAURANT LV-2 LLC dba TWIN PEAKS, was and is a Domestic Limited-Liability Company authorized to conduct business in Clark County, Nevada. (Hereinafter TWIN RESTAURANT LV-1 LLC and TWIN RESTAURANT LV-2 LLC is collectively referred to as "Defendants TWIN PEAKS")

4. Upon information and belief Defendants TWIN PEAKS were the owners and operators of the Twin Peaks Restaurant located at 9510 S. Eastern Avenue, Las Vegas, Nevada 89123, where the incident central to this action occurred. (hereinafter "TP Restaurant" or the "Premises")

5. Upon information and belief, at the time of the incident on October 7, 2021, and all relevant times referenced herein, TWIN RESTAURANT HOLDING, LLC, was and is a foreign Limited Liability Company, authorized to conduct business in Clark County, Nevada.

6. Upon information and belief Defendant TWIN RESTAURANT HOLDING, LLC is a franchisor and at all relevant times maintained an agency relationship with franchisee Defendants TWIN PEAKS.

7. Upon information and belief, at the time of the incident on October 7, 2021, and all relevant times referenced herein, Defendant FAT BRANDS Inc. (Defendant "FAT BRAND"), is a foreign corporation and was authorized to conduct business in Clark County, Nevada.

8. Defendant FAT BRAND is a franchising company and owner of the Twin Peaks Restaurant brand.

2

9. Pursuant to NRCP 10(d) and *Costello v. Casler,* 127 Nev. 437, (2011), the identity of resident and non-resident defendants designated herein as ROE DISTRIBUTORS I through X, ROE MANUFACTURERS I through X, ROE ENTITIES I through X, and DOE INDIVIDUALS I through X, and in their true capacities, whether individual, corporate, associate or otherwise of the Defendants named herein are unknown to Plaintiff who, therefore, sues said Defendants by said fictitious names. Plaintiff believes and thereon alleges that each of the Defendants designated as ROE DISTRIBUTORS I through X, ROE MANUFACTURERS I through X, ROE ENTITIES I through X, and DOE INDIVIDUALS I through X, are responsible in some manner for the events and happenings referred to herein and caused damages proximately to Plaintiff as herein alleged. To the extent Plaintiff did not name a correct entity, Plaintiff will move to amend this Complaint to insert the true names and capacities of DOES and ROES when the same have been ascertained and to join such Defendants in this action.

10. That upon information and belief, named Defendants, DOES, and ROES, and each of them, at all relevant times, were the owner, partner, servant, officer, agent, manufacturer, distributor, franchisee and/or franchisor, employer and/or employee of the other, and each of them, and were at all relevant times acting within the scope and performance of said partnership, agency, master/servant, and employment relationship.

11. That upon information and belief ROE DISTRIBUTORS I through X, delivered, distributed, supplied, coordinated, advertised, marketed, sold and injected into the stream of commerce a dangerous product which malfunctioned and caused personal injury to Plaintiff in Clark County, Nevada.

12. That upon information and belief ROE MANUFACTURERS I through X, assembled, manufactured, distributed, advertised, marketed, sold and injected into the stream of commerce a dangerous product which malfunctioned and caused personal injury to Plaintiff in Clark County, Nevada.

13. Pursuant to NRS 41.141(4), Defendants are jointly and severally liable to all applicable negligence causes of action and damages.

…

14. Exercise of the jurisdiction by this Court over Defendants in this action is appropriate because Defendants were authorized to do business in the State of Nevada, conducted business in the State of Nevada, continue to conduct business in the State of Nevada, committed a tort in the State of Nevada, and the amount in controversy is in excess of $15,000.00.

15. Venue is proper in the Eighth Judicial District Court, Clark County, State of Nevada, as this is the forum wherein the tortious conduct and act, which is the subject matter of this litigation, occurred and, as such, is the forum most appropriate for all parties.

## II.

## **GENERAL FACTUAL ALLEGATIONS**

16. Plaintiff incorporates and realleges the preceding paragraphs as though fully set forth herein.

17. TP Restaurant serves a full menu of made to order food items prepared and cooked in the kitchen on the restaurant premises; TP Restaurant brand advertises their food is "made from scratch."

18. Food provided in TP Restaurant is available to customers for dine-in on the premises or delivery.

19. On or about October 7, 2021, in the State of Nevada, County of Clark, Plaintiff was lawfully on the premises of TP Restaurant to eat in the dining room.

20. While dining, Plaintiff ordered a plate of wings as an appetizer, then ordered the "Mom's Pot Roast" entrée meal, which consisted of slow cooked pot roast, brown gravy, house made garlic mashed potatoes, and sautéed green beans.

21. Plaintiff was eating green beans when he felt a piercing sensation in his mouth near his gums.

22. Plaintiff notified the floor manager of the incident, but no action was taken at that time to investigate or remedy Plaintiff's incident by TP Restaurant employees or agents.

23. Plaintiff then noticed something sharp was in his mouth and that something was lodged in the back of his throat area.

…

4

24. Plaintiff went to the hospital where CAT Scan and X-rays revealed a foreign body impaled in Plaintiff's tongue.

25. The foreign body impaled in Plaintiff's tongue was a piece of a metal wire not fit for human consumption.

26. Upon information and belief, the foreign body was a wire of a metal brush typically used to clean grills prior to cooking.

27. As a result of the injuries he sustained, Plaintiff was required to undergo a two-hour operation to remove the piece of metal wire from his tongue.

### III.
### FIRST CAUSE OF ACTION
*(Negligence- All Defendants)*

28. Plaintiff incorporates and realleges the preceding paragraphs as though fully set forth herein.

29. Defendants, and each of them, have a duty to exercise reasonable and ordinary care to ensure the food is safe for restaurant guests, including Plaintiff.

30. Defendants, and each of them, negligently, careless, and recklessly failed to exercise reasonable care in breach of the aforementioned duties, by causing a metal wire to be embedded in Plaintiff's food creating a hazardous condition.

31. The hazardous condition was foreseeable, and Defendants failed to take reasonable precautions allowing the condition to persist, and failed to prevent, remedy, inspect, protect guests, or warn of the foreseeable, defective, dangerous and hazardous conditions, or against such foreseeable acts that caused the conditions.

32. Defendants, and each of them, knew or should have known the hazardous condition of the metal wire existed in their food product, which was unreasonably dangerous to restaurant guests, and in particular Plaintiff.

33. Defendants, and each of them, have a duty to exercise reasonable and ordinary care in the preparation, selling, and serving of their food to guests, including Plaintiff, to ensure the food is safe for consumption.

…

34. Defendants, and each of them, negligently, careless, and recklessly failed to exercise reasonable care in breach of the aforementioned duties, by preparing, selling, and serving food with a metal wire embedded in it in a manner that was dangerous and unsafe for consumption.

35. Defendants, and each of them, failed to take reasonable precautions to ensure Plaintiff's food was safe and allowed him to ingest a sharp metal wire that impaled his tongue.

36. Defendants, and each of them, knew or should have known the hazardous condition of the metal wire existed in their food product, which was unreasonably dangerous to restaurant guests, and in particular Plaintiff.

37. Plaintiff is informed and believes that Defendants violated statutes, ordinances, and/or regulations regarding providing products and services to Plaintiff. Plaintiff was a member of the class of persons that these statutes, ordinances, and/or regulations were and are intended to protect and the injuries suffered by Plaintiff were the type of injury the statutes, ordinances, and/or regulations were intended to prevent.

38. Plaintiff is informed and believes that a metal wire embedded in food as described herein would not have ordinarily occurred in the absence of Defendants' negligence; That the injuries suffered by Plaintiff were caused by the actions and omissions of Defendants; That action and omission was exclusively in Defendants' control; and That Plaintiff's voluntary actions did not cause or contribute to his injuries and/or Defendants' negligence exceeded that of Plaintiff. As such, Defendants are negligent under the doctrine of Res Ipsa Loquitur.

39. That as a direct and proximate result of the acts and omissions of Defendants, and each of them, Plaintiff sustained significant personal injuries, all or some of which conditions may be permanent and disabling, and all to Plaintiff's damage in a sum in excess of $15,000.00.

40. As a direct and proximate consequence of the above stated negligent, careless, and reckless acts and/or omissions of the Defendants, and each of them, Plaintiff has suffered bodily injuries, past and future medical treatment and expenses, wage loss and loss of earning capacity, past and future general and special damages, and other damages, in excess of $15,000.00.

…

…

41. That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## IV.
## SECOND CAUSE OF ACTION
*(Negligent Hiring, Training, Supervision, and Retention Claims- as to* TWIN RESTAURANT LV-1 LLC dba TWIN PEAKS and TWIN RESTAURANT LV-2 LLC dba TWIN PEAKS*)*

42. Plaintiff incorporates and realleges the preceding paragraphs as though fully set forth herein.

43. Defendants TWIN PEAKS owe a duty of reasonable care in the hiring, training, supervision, and retention of agents, servants, and/or employees.

44. Defendants TWIN PEAKS owe a duty to conduct a reasonable inquiry or background check into agents, servants, and/or employees when hiring them to ensure, among other things, they are fit for their positions.

45. Defendants TWIN PEAKS owed a duty to exercise reasonable care to ensure that its agents, servants, and/or employees are properly trained and supervised in the performance of their positions.

46. Defendants TWIN PEAKS owed a duty to hire, train, supervise, and retain employees who knew or should have known to prepare, sell, and serve food free from danger and safe for consumption.

47. Defendants TWIN PEAKS breached said duties to Plaintiff, and knew or should have known their agents, servants, and/or employees were unfit or incompetent for their positions. As such, TWIN PEAKS employees' incompetence caused a metal wire to be embedded in food prepared and served to Plaintiff for his consumption.

48. That at all times mentioned herein, the agents, servants, and/or employees were acting in the course and scope of their employment or authority with Defendants TWIN PEAKS, and through the permission and authority given to them from Defendants TWIN PEAKS and, as a result, Defendants TWIN PEAKS are responsible for their agents, servants, and/or employees negligence pursuant to the doctrines of vicarious liability and respondeat superior.

49. As a direct and proximate consequence of the above stated negligent, careless, and reckless acts and/or omissions of the Defendants TWIN PEAKS, Plaintiff has suffered bodily injuries, past and future medical treatment and expenses, past and future general and special damages, and other damages, in excess of $15,000.00.

50. That as a direct and proximate result of the aforementioned negligence of Defendants TWIN PEAKS, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## THIRD CAUSE OF ACTION
(***Products Liability***- As to DOE Manufacturers I through X, ROE DISTRIBUTORS I through X)

51. Plaintiff incorporates and realleges the preceding paragraphs as though fully set forth herein.

52. Upon information and belief TWIN PEAKS used a product containing metal wire in the operation of their restaurant.

53. That Defendants DOE Manufacturers I through X engaged in the business of assembling, manufacturing, distributing, advertising, marketing, and/or selling said product and injected it into the stream of commerce in Clark County, Nevada.

54. That ROE DISTRIBUTORS I through X, delivered, distributed, supplied, coordinated, advertised, marketed, and/or sold said product and injected it into the stream of commerce in Clark County, Nevada.

55. That said product malfunctioned by wrongfully dislodging a metal wire;

56. That the metal wire was ultimately consumed by the Plaintiff, causing him severe damage to his throat area and necessitating surgery to remove the wire from his tongue.

57. Upon information and belief, the product was defective and malfunctioned as a result of a product design, manufacturing, or warning defect.

58. That the product was defective in design and formulation and unreasonably dangerous when they left the hands of Defendant DOE Manufacturers I through X and DOE Distributors I through X, and they reached the user and consumer of the products without substantial alteration in the condition in which they were sold.

59. That the product manufactured by Defendants DOE Manufacturers I through X was unreasonable and dangerously defective beyond the extent contemplated by ordinary users with ordinary knowledge regarding these products and the product was used in a manner which was reasonably foreseeable by Defendants.

60. That the product was defective due to inadequate post-marketing warning or instruction because, after Defendant DOE Manufacturers I through X knew or should have known of the risk of wires dislodging from the product, they failed to provide adequate warnings to restaurants and end users, and continued to promote the products as safe and effective.

61. That upon information and belief, DOE Manufacturers I through X knew or should have known the product was defective, and continued to deliver, distribute, supply, coordinate, advertise, market, sell and inject said defective product into the stream of commerce in Clark County, Nevada.

62. That as a direct and proximate result of the product defect and malfunction, the Plaintiff was injured with general and special damages in excess of $15,000.00.

63. That as a direct and proximate result of the aforementioned actions and inactions of Defendant DOE Manufacturers I through X and DOE Distributors I through X, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants as follows:

1. General damages in an amount in excess of $15,000.00;
2. Special damages in an amount in excess of $15,000.00;
3. Medical and incidental expenses incurred and to be incurred;
4. Damages for past and future pain, suffering, mental anguish, and loss of enjoyment of life;
5. Damages for loss of past and future household services;
6. For an award of attorney's fees, costs of suit, and interest incurred; and
7. For such other and further relief as this Court deems just and proper.

9



**JURY DEMAND**

Plaintiff, by and through his undersigned counsel of record, demands a trial by jury on all claims so triable.

DATED this 12th day of August 2022.

**VALIENTE MOTT, LTD.**

*/s/ Nicole C. Bolick, Esq.*

JAMES A. TRUMMELL, ESQ.
Nevada Bar No. 14127
MICHAEL S. VALIENTE, ESQ.
Nevada Bar No. 14293
TIMOTHY A. MOTT, ESQ.
Nevada Bar No. 12828
NICOLE C. BOLICK, ESQ.
Nevada Bar No. 15015
700 South 7th Street
Las Vegas, NV 89101

*Attorneys for Plaintiff*