UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Frank Schurr,

          Plaintiff

v.

Twin Restaurant LV-2, LLC, *et al.*,

          Defendants

Case No. 2:22-cv-01759-CDS-DJA

**Order Denying Defendants' Motion to Dismiss as Moot & Granting Plaintiff's Motion for Leave to Amend**

[ECF Nos. 2, 34]

Plaintiff Frank Schurr brings this motion for leave to amend his complaint to add defendants to this personal injury lawsuit. He alleges that he was served a pot roast that contained a piece of metal wire while eating at the Twin Peaks restaurant in Henderson, Las Vegas. He now seeks to remove one incorrectly named defendant, add the food vending companies who sold the ingredients used to prepare the pot roast as defendants, and add various individuals who may have been involved in the preparation or oversight of his pot roast. While defendant Twin Restaurant LV-2 has conceded that the former two amendments are appropriate, it opposes the addition of the individual defendants.

Because I find relevant factors weigh against permitting Schurr adding 21 potential defendants, I grant in part and deny in part plaintiff's motion to amend (ECF No. 34). And because Schurr will be amending his complaint, I deny defendants' motion to dismiss (ECF No. 2) as moot.

## I. Discussion

I first note that the parties agree that Twin Restaurant LV-1, LLC should be removed as a defendant and that the Sysco entities (Sysco Las Vegas, Inc.; Sysco USA 1, Inc.; and Sysco Corporation) should be added as defendants. ECF Nos. 34 at 2, 35 at 3–4. I thus grant Schurr leave to amend the complaint to make changes reflecting that agreement.

But Twin Restaurant LV-2 opposes Schurr's request to add 21 individuals as defendants to this case. ECF No. 35 at 4. It argues that those defendants are being added solely to defeat diversity and that they are not necessary parties to this action because the restaurant is vicariously liable for its employees' actions. *Id.* at 5–6. Schurr replies that those defendants are potential tortfeasors and that he would be prejudiced if not permitted to add them as defendants. ECF No. 36 at 4–5.

"'There is a split in authorities, unresolved by the Ninth Circuit, on what standard governs the Court's decision whether to permit joinder of' defendants that would destroy diversity, Rule 15 of the Federal Rules of Civil Procedure or 28 U.S.C. § 1447(e)." *Pasiecznick v. Home Depot U.S.A., Inc.*, 2021 WL 4272699, at *3 (D. Nev. Aug. 3, 2021), *report & recommendation adopted* 2021 WL 4268440 (D. Nev. Sept. 19, 2021) (quoting *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606 (S.D. Cal. 2014)). Nonetheless, I follow the approach of multiple judges in this district and analyze Schurr's motion under 28 U.S.C. § 1447(e). *Id.* at *4; *Stanley v. G4S Secure Sols., Inc.*, 2021 WL 1232679, at *2 (D. Nev. Mar. 15, 2021), *report & recommendation adopted* 2021 WL 1225957 (D. Nev. Mar. 31, 2021). Courts consider the following factors when ruling on a motion to amend that would add parties destroying diversity jurisdiction:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Fed. R. Civ. P. 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been an unexpected delay in seeking the joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid. Other factors . . . include; (6) the possible prejudice that may result to any of the parties in the litigation; (7) the closeness of the relationship between the new and the old parties; (8) the effect of an amendment on the court's jurisdiction; and (9) the new party's notice of the pending action.

*Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1173–74 (E.D. Cal. 2011) (cleaned up), *aff'd in part*, 604 Fed. App'x 545 (9th Cir. 2015).

As to the first factor, Schurr has not demonstrated that the 21 individual defendants are needed for just adjudication of this lawsuit. Schurr states that of the 21 individual defendants that he seeks to add: eight of them were line cooks working on the date in question, eight of them were food servers responsible for taking food to guests also working on the date in question, three of them were assistant managers, one of them is a general manager, and one of them is the vice president of operations for multiple Twin Peaks restaurants. ECF No. 36 at 4–5. Twin Restaurant LV-2 concedes that it "has already identified these 21 individuals as employees" and that "it would be vicariously liable for damages they caused if they were negligent." ECF No. 35 at 5. "When an employer is vicariously liable for its employee, 'the employee is not necessary to the litigation.'" *Stanley*, 2021 WL 1232679, at *2 (quoting *Lopez v. Kroger Co.*, 2017 WL 3142471, at *2 (D. Nev. July 24, 2017)). Because Twin Restaurant LV-2 admits vicarious liability if its employees were negligent and that it has the financial resources to satisfy any potential judgment Schurr could obtain, its employees are not necessary parties whose absence would deprive Schurr from obtaining complete and adequate relief. *See Hendricks v. Wal-Mart Stores, Inc.*, 2007 WL 9728755, at *2 (D. Nev. Feb. 9, 2007) (naming a non-diverse employee was unnecessary to renumerate the plaintiff because any recovery for alleged negligence could be recovered from the defendant under respondeat superior).

As to the second and third factors: the statute of limitations has not yet expired, and Twin Restaurant LV-2 concedes that Schurr has not unduly delayed by seeking this amendment. ECF No. 35 at 6. The fourth factor cuts in Twin Restaurant LV-2's favor as it seems that Schurr is primarily motivated to include the employees to defeat diversity jurisdiction. However, Schurr presents a colorable argument that he is concerned about potential recovery from Twin Restaurant LV-2 if they disclaim the employee(s) who negligently inserted the metal wire into his pot roast.[1] The remaining factors do not weigh as significantly as those that I have just

---

[1] To alleviate this concern, Schurr suggests that I grant summary judgment in his favor on the limited issue of whether the employees were acting within the scopes of their employment and whether Twin Peaks will be vicariously liable for their actions. ECF No. 36 at 7. A conclusory paragraph in a reply brief to a motion for leave to amend is, of course, not the way to request summary judgment in federal court.

mentioned, but I note that neither party will be particularly prejudiced by my decision (as Schurr can obtain relief through Twin Restaurant LV-2) and Schurr's shotgun-style claims against 21 individual defendants are unlikely to survive a motion to dismiss. In sum, I find that the balance of factors weighs against permitting Schurr to add diversity-defeating individual defendants when their employer has already agreed to accept vicarious liability in the event that any of them were negligent.

II.     Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that Schurr's motion for leave to amend **[ECF No. 34] is GRANTED in part and DENIED in part**. Schurr is permitted to alter the parties in accordance with the instructions in this order. He may not add the individual employees working at Twin Peaks but may add the Sysco entities as defendants.

IT IS FURTHER ORDERED that the defendants' motion to dismiss **[ECF No. 2] is DENIED as moot.**

DATED: July 31, 2023

_____
Cristina D. Silva
United States District Judge

---

*See* Fed. R. Civ. P. 56. But Schurr may bring a properly supported summary-judgment motion on those points when the time is ripe, and he has many legal tools at his disposal if Twin Peaks suddenly reverses its position later in this litigation.