UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Frank Schurr,

Plaintiff

v.

Twin Restaurant LV-2, LLC, et al.,

Defendants

Case No. 2:22-cv-01759-CDS-DJA

**Order Granting Defendant's Motion to Dismiss Without Prejudice and Granting Plaintiff's Motion to File Supplemental Briefing**

[ECF Nos. 46, 69]

This is a personal injury action brought by plaintiff Frank Schurr. Defendant Twin Restaurant Holding[1] moves to dismiss Schurr's amended complaint based on lack of personal jurisdiction. Mot., ECF No. 46.[2] Schurr opposes the motion, arguing that this court can properly exercise jurisdiction over Twin Restaurant Holding because it has purposefully availed itself of the privileges of conducting activities in Nevada. ECF No. 51. Schurr also filed a motion to supplement his opposition to the motion to dismiss, arguing discovery has revealed substantive evidence that undermines defendant's jurisdictional challenge. ECF No. 69. Defendant opposes the motion to supplement, arguing Schurr fails to meet the good cause standard required to file a supplement; that Schurr lacked diligence in filing this motion; and finally, that the requested supplemental briefing will not aid in the court in resolving the motion to dismiss. ECF No. 70. For the reasons set forth herein, I grant the motion to dismiss and dismiss the complaint without prejudice with leave to amend. I further grant Schurr's motion to supplement.

---

[1] This motion does not apply to Twin Restaurant LV-2, LLC. ECF No. 46 at 1. It also does not apply to defendant Sysco entities.

[2] Defendant FAT Brands originally joined this motion but withdrew, conceding that the court has personal jurisdiction over FAT Brands. ECF No. 71 at 3 ("Accordingly, Defendants conceded this court's personal jurisdiction over Defendant FAT Brand's and withdrew their Motion to Dismiss. [ECF No. 57 at pg. 1:21-22].")

## I. Background information

On or about October 7, 2021, Schurr went to the Twin Peaks restaurant located in Henderson, Nevada to have dinner with his son and grandson. ECF No. 44 at ¶ 22. Schurr ordered the "Mom's Pot Roast." *Id.* at ¶ 24. Schurr alleges that while eating the pot roast, he "felt a sudden, intense, piercing sensation in the back of his mouth his mouth near his tongue[,]" and that he "believed something sharp had pierced his tongue and mouth and lodged itself in the back of his throat area." *Id.* at ¶¶ 28–29. Schurr attempted to determine what caused the piercing sensation, described as "impaling" his mouth and tongue, but was unable to do so. *Id.* at ¶ 29. Schurr immediately informed restaurant management what had occurred, but claims management took no steps to investigate the situation. *Id.* at ¶¶ 30–31. At an unidentified time later, Schurr went to the hospital because he was experiencing persistent pain in his mouth and on his tongue. *Id.* at ¶ 32. Schurr underwent CT Scans and X-rays, which revealed a one-inch-long "foreign body" impaled into the base of Schurr's tongue. *Id.* at ¶ 33. One week later, the "foreign body," which was later determined to be a one-inch-long metal wire, was removed from Schurr's tongue. *Id.* at ¶¶ 34–35. Schurr brings the following claims for relief: negligence (Claim I), negligent hiring, training, supervision, and retention (Claim II), and products liability (Claims III and IV). *See generally*, *id.* at 8–21.

## II. Legal standard

Rule 12(b)(2) of the Federal Rule of Civil Procedure permits a party to seek dismissal for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Where, as here, the district court did not hold an evidentiary hearing, a plaintiff need only make a prima facie showing of jurisdiction to survive the motion to dismiss," which requires only providing "facts that, if true, would support jurisdiction over the Defendant." *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003). Further, any factual "[c]onflicts between parties … must be resolved in the plaintiff's favor."[3] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

---

[3] Because factual disputes must be resolved in Schurr's favor, and because defendant concedes that the information contained in Schurr's motion to supplement has no effect on the lack of jurisdiction (ECF

"Personal jurisdiction must exist for each claim asserted against a defendant." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004) (citing *Data Disc., Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1289 n.8 (9th Cir. 1977)). "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction." *Learjet, Inc. v. Oneok, Inc*. (*In re W. States Wholesale Nat. Gas Antitrust Litig.)*, 715 F.3d 716, 741 (9th Cir. 2013). A plaintiff may not simply rest on the "bare allegations of [the] complaint." *Schwarzenegger*, 374 F.3d 800 (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)). If the defendant presents evidence to contradict the allegations in the complaint, the plaintiff must go beyond the pleadings and present affirmative proof of personal jurisdiction through affidavits and/or declarations. *See AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (1996); *accord Caruth v. Int'l Psychoanalytical Ass.*, 59 F.3d 126, 127–28 (9th Cir. 1995) (absent an evidentiary hearing, this court "only inquire[s] into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction.").

"Where, as here, no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the court sits." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citations omitted). Nevada's long-arm statute, set forth at Nev. Rev. Stat. § 14.065, coincides with federal due process requirements. Those requirements mandate that nonresident defendants have "minimum contacts" with Nevada "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted).

Personal jurisdiction can be either "general" or "specific." *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984). In cases involving more than one defendant, like here, "[t]he jurisdictional inquiry must decouple defendants, considering whether each

---

No. 70 at 4–5), the court grants Schurr's motion to supplement its opposition to the motion to dismiss. ECF No. 69.

individual defendant has had sufficient 'minimum contacts' with the forum state to justify an exercise of jurisdiction." *Burri Law PA v. Skurla*, 35 F.4th 1207, 1213 (9th Cir. 2022).

**A. General jurisdiction**

General personal jurisdiction is premised on a defendant's relationship to the forum state. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (citation omitted). The defendant must engage in "continuous and systematic general business contacts," *Hall*, 466 U.S. at 416, that "approximate physical presence" in the forum state. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). "The standard is met only by 'continuous corporate operations within a state [that are] thought so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities.'" *King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 579 (9th Cir. 2011) (quoting *Int'l Shoe Co.*, 326 U.S. at 318). When determining if a nonresident defendant's contacts are sufficiently substantial, continuous, and systematic, courts evaluate several factors including their "[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006). The standard for general jurisdiction "is an *exacting* standard, as it should be, because a finding of general jurisdiction permits a defendant to be hauled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801 (emphasis added). "A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different state." *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1780 (2017) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011)).

**B. Specific jurisdiction**

Specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Calder v. Jones*, 465 U.S. 783, 788 (1984) (internal quotation marks and citation omitted). In the Ninth Circuit, a three-part test is applied to determine whether the exercise of

specific jurisdiction over a nonresident defendant is appropriate. *Schwarzenegger*, 374 F.3d at 802 (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). First, the nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. *Id.* Second, the claim must be one which arises out of or relates to the defendant's forum-related activities. *Id.* Finally, the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable. *Id.* The first prong of the specific jurisdiction test refers to both purposeful availment and purposeful direction. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011).

## III. Discussion

### A. This court lacks general jurisdiction over Twin Restaurant Holding.

Twin Restaurant Holding contends this court cannot exercise personal jurisdiction over it. ECF No. 46 at 2–3. According to the motion to dismiss, Twin Restaurant Holding is an LLC, whose sole member is Twin Peaks Buyer, LLC. *Id.* at 3. Twin Restaurant Holding further asserts that the sole member of Twin Peaks Buyer, LLC is FAT Brands Twin Peaks I, LLC., and further, that the sole member of FAT Brands Twin Peaks I, LLC is FAT Brands, Inc., a Delaware entity with its principal place of business in California. *Id.; see also* Mingus Declaration, ECF No. 2-1. Defendants summarily assert that this means general jurisdiction "simply is not present." ECF No. 46 at 3.

Schurr contends that, because Twin Restaurant Holding, through a management agreement with FAT Brands, Inc., had control of and were responsible for oversight of the goods and services in Nevada that allegedly caused his injury, Twin Restaurant Holding, LLC "purposely directed [its] activities at and availed [itself] of the privileges of conducting business" in this forum, so this court can exercise general jurisdiction over it. *See generally* ECF No. 51 at 10–16.

The court is disappointed with Twin Restaurant Holding's failure to include any substantive analysis in support of its dismissal based on lack of general jurisdiction. Local Rule 7-2 requires a motion "be supported by a memorandum of points and authorities." LR 7-2(a). "The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." LR 7-2(d); *see also Ilani v. Abraham*, 2019 U.S. Dist. LEXIS 228130, *4 (D. Nev. Sept. 17, 2019) (denying contempt motion, in part, for failure to cite legal authority); *United States v. Johnson*, 180 F. Supp. 2d 1155, 1157 (D. Nev. 2002) (denying motion under LR 7-2(d), in part, for failure to cite authority supporting argument). Normally, such a failure would be grounds to deny a motion outright; but because Schurr carries the burden of demonstrating jurisdiction, I nonetheless resolve Twin Restaurant Holding's motion on the merits.

Schurr's motion fairs no better than Twin Restaurant Holding in addressing general jurisdiction. While the opposition includes ample detail regarding a "management agreement," it too fails to cite to a single case or other authority to support the argument that a management agreement, even with the authority and obligations contained therein, alone is sufficient for this court to exercise general jurisdiction over Twin Restaurant Holding. Moreover, the opposition lacks any discussion or explanation regarding how Twin Restaurant Holding engaged in "continuous and systematic general business contacts" with Nevada to be subject to this court's general jurisdiction. The local rules provide that "[t]he failure of an opposing party to file points and authorities in response to any motion . . . . constitutes a consent to the granting of the motion." LR 7-2(d). Accordingly, Twin Restaurant Holding's motion to dismiss for lack of general personal jurisdiction is granted.

**B. Specific jurisdiction**

"Without general jurisdiction, the Court may only exercise personal jurisdiction over Defendants if they are subject to specific jurisdiction." *Patterson v. Baller Alert, Inc.*, 2018 WL 11354104, at *3 (C.D. Cal. Dec. 10, 2018). For specific jurisdiction to exist, "[d]ue process requires

that the defendants have certain minimum contacts with the forum." *Gordy v. Daily News, L.P.*, 95 F.3d 829, 831 (9th Cir. 1996), *as amended* (Oct. 28, 1996) (cleaned up). This case involves a tort, so the court must "inquire whether a defendant 'purposefully directed his activities' at the forum state, applying an effects test that focuses on the forum in which the defendants' actions were felt." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006). This is commonly known as "the effects test" which requires that a defendant have: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* The effects test does not require a defendant to have physical contact with the forum state for a court to exercise its jurisdiction. *Brainerd v. Governors of the University of Alberta*, 873 F.2d 1257, 1260 (9th Cir. 1989). Rather, to establish the defendant "purposefully directed" its conduct toward the forum, the plaintiff usually produces "evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere." *Schwarzenegger*, 374 F.3d at 803.

Twin Restaurant Holding contends that specific jurisdiction is also lacking here because it did not purposefully avail itself "to operating in Nevada in a way that caused or contributed to the events at issue in this matter" and further, that "[m]erely being part of a corporate family is insufficient to create specific jurisdiction." ECF No. 46 at 3. Indeed, a plaintiff must prove that "the 'effects' caused by the defendants' [conduct]—i.e., the injury to the plaintiff[ ] …—connected the defendants' conduct to [Nevada], not just to a plaintiff who lived there." *Walden v. Fiore*, 571 U.S. 277, 288 (2014). Stated otherwise, the express aim of the defendant must pertain to the forum state—"not the defendant's contacts with a resident of the forum." *Picot v. Weston,* 780 F.3d 1206, 1214 (9th Cir. 2015). Schurr does not meet the effects test, in part because he addresses the "but-for" instead of the effects test,[4] but without any points and authorities in

[4] *See* ECF No. 51 at 16–17.

support thereof, summarily imputes what happened at the Twin Peaks restaurant to Twin Restaurant Holding under a corporate structure theory.

Further, Schurr all but concedes that he cannot establish the required relationship between the defendants, this forum, and this litigation in his opposition when he states that discovery will bear out this information. *See* ECF No. 51 at 18 ("As discovery progresses and the distribution and supply chain details are revealed, the approved vendors/manufacturers will likely be Nevada entities as well."). The supplemental information does move the ball closer for Twin Restaurant Holding, but it is still not enough information for this court to exercise specific jurisdiction over it. ECF No. 69.

Finally, Schurr's attempt to somehow impute what occurred at the Henderson Twin Peaks restaurant onto Twin Restaurant Holding is improper. "It is well-established that a parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes." *Harris Rutsky & Co. Ins. Servs., v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003). Accordingly, defendants' motion to dismiss for lack of specific personal jurisdiction is granted.

### C. Leave to Amend

Rule 15 calls for leave to amend to be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Because there is a possibility that Schurr could amend his complaint to add facts supporting personal jurisdiction, he is given leave to amend. However, as this will be the second amendment, Schurr is cautioned that the court may require motions practice to amend a third time.

## III. Conclusion

IT IS HEREBY ORDERED that Twin Restaurant Holding's motion to dismiss for lack of personal jurisdiction **[ECF No. 46] is GRANTED** without prejudice and with leave to amend. If Schurr elects to amend the complaint, it must be filed within 14 days of this order and be titled "Second Amended Complaint."

IT IS FURTHER ORDERED that Shurr's motion to supplement its opposition to the motion to dismiss **[ECF No. 69] is GRANTED.**

Dated: March 31, 2024

_______________________________
Cristina D. Silva
United States District Judge