UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Frank Schurr,<br><br>          Plaintiff<br><br>v.<br><br>Twin Restaurant LV-2, LLC, et al.,<br><br>          Defendants | Case No. 2:22-cv-01759-CDS-EJY<br><br>**Order Granting Plaintiff's<br>Motion to Amend**<br><br>[ECF No. 101] |

This was a personal injury action brought by plaintiff Frank Schurr. On July 15, 2025, and pursuant to Federal Rule of Civil Procedure 68(a), Schurr filed a notice of acceptance of an offer of judgment. Notice, ECF No. 96. As a result, a judgment for $700,000.00 was entered the next day. J., ECF No. 97. The judgment included costs, expenses, and interests, as well as attorney's fees, if permitted. *Id.* On August 27, 2025, Schurr filed a motion to amend the judgment. Mot., ECF No. 101. In that motion, Schurr asserts that, despite accepting the offer of judgment, the defendants had not yet paid any monies to him. *Id.* at 3. Schurr argues that pursuant to 28 U.S.C. § 1961, he is "entitled to any and all interest, attorney's fees, and costs, so incurred post-judgment, to ensure Defendants satisfy the judgment in its entirety." *Id.* The defendants oppose the motion. Opp'n, ECF No. 102. The motion is now fully briefed. Reply, ECF No. 102. For the reasons set forth herein, Schurr's motion is granted.

I.   Discussion

"Courts have the power and duty to correct judgments which contain clerical errors or judgments which have been issued due to inadvertence or mistake." *American Trucking Ass'ns v. Frisco Transp. Co.*, 358 U.S. 133, 145 (1958). This power and duty are expressly recognized in Rule 60(a) of the Federal Rules of Civil Procedure (FRCP).

Here, Schurr seeks to amend the judgment to reflect that he is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961 because, as of the motion's filing date (August 27, 2025), the defendants had not satisfied judgment. ECF No. 101 at 4.

The defendants do not dispute that 28 U.S.C. § 1961 applies here; rather, they dispute that Schurr is entitled to post-judgment interest. ECF No. 102 at 5. They argue that Schurr's motion should be denied because he caused the delay in payment by failing to give them a final Medicare lien determination. *See id.* at 4. They also argue that once that lien determination was provided on August 28, 2025, Schurr had the check by September 4, 2025. *Id.* at 5. The defendants further argue that the judgment's term included interest and there is no basis to "rewrite the offer's terms." *Id.* Last, the defendants argue that if the court decides that interest is due, then it should only be for 28 days, not 49. *Id.* They reason that Schurr failed to follow the express terms of the offer of judgment (OOJ), which cited NRS 17.117(7) and stated that "[w]ithin 21 days after service of written notice that the offer is accepted, the obligated party may pay the amount of the offer and obtain dismissal of the claims, rather than entry of a judgment." *Id.*

As noted by Schurr, the OOJ "did not contemplate a Medicare lien determination as a condition prerequisite for acceptance." ECF No. 103 at 6. The need for that determination should have been expected and included in the OOJ, but it was not. Further, the OOJ was offered pursuant to FRCP 68, NRS 17.117, or both. *See* ECF No. 96-1. While it stated that the defendants intended to follow NRS 17.117, that process was neither mandated nor binding on the plaintiff. *See id.* at 3. Consequently, given the 50-day-plus delay in payment to Schurr, his motion to amend is granted. The judgment will be amended to include post-judgment interest in the amount of $3,912.50.

III.     Conclusion

IT IS HEREBY ORDERED that Schurr's motion to amend **[ECF No. 101] is GRANTED.** The Clerk of Court is kindly directed to issue an amended judgment to include post-judgment interest in the amount of $3,912.50, and to close this case.

Dated: December 3, 2025

_____
Cristina D. Silva
United States District Judge